J-S39014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DIONNE HENDERSON, | |
| Appellant | No. 1263 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008614-2009

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                        **FILED JULY 07, 2015**

Dionne Henderson appeals from the aggregate judgment of sentence of sixty to 120 years incarceration after a jury found him guilty of rape of a child, involuntary deviate sexual intercourse ("IDSI") of a child, aggravated indecent assault of a child, unlawful contact with a minor, incest, endangering the welfare of a child ("EWOC"), indecent assault, and corruption of a minor.  We affirm.

The facts in this matter involve Appellant's decade long sexual abuse of his daughter, beginning when she was four years old.  Appellant initially began by inappropriately touching the victim's buttocks overtop her clothing. The touching then escalated to touching the victim's clitoris, placing his

hands between her labia, and putting his mouth on her breasts during bath time. After the victim turned eight or nine years of age, the sexually deviant behavior increased. Appellant kept the victim home from school on occasion to be alone with the victim. In one incident, Appellant touched but did not penetrate the victim's vagina with his fingers and tried to put his penis between the victim's breasts, but they were not fully developed. Appellant also touched the victim's rectum and placed his mouth on the victim's vagina. According to the victim, she would complain to Appellant when he would try and insert his finger into her vagina.

On another occasion, Appellant penetrated the victim's vagina with his finger. Appellant also began to force the victim to perform oral sex and would ejaculate in the victim's mouth. The victim set forth that Appellant told her how to perform oral sex without her teeth touching his penis. The sexual abuse escalated to vaginal intercourse when the victim was ten or eleven. The victim indicated that the first time Appellant engaged in vaginal intercourse, he began by caressing and kissing her before kissing her vaginal area. He initially penetrated her vagina with his finger before inserting his penis and having intercourse. The intercourse caused her to have vaginal bleeding. In addition, the victim asserted that the Appellant always prefaced subsequent vaginal intercourse with making the victim perform oral sex. The last instance of abuse occurred when the victim was fourteen. Appellant made the victim perform oral sex on him and caused her to gag by shoving

his penis inside her mouth. Afterward, Appellant forced the victim over a dryer and engaged in vaginal sex.

The victim first reported these incidents on April 19, 2009, several days after the last sexual violation transpired. She initially left home because her father told her that he was going to beat her for failing to wear the appropriate Muslim garb. The victim went to her step-grandmother's home, approximately a three-hour walk away, and told her step-aunt that Appellant was putting his hands on her. When her aunt asked her if she was being sexually abused, she did not respond, and looked down. Believing sexual abuse may have occurred, the aunt reported the matter to police. The victim provided police with a statement regarding the sexual abuse and was taken to a hospital for an examination. She related the sexual abuse to a nurse and her aunt, and the exam showed that the victim had a tear at the bottom of the entrance to her vagina and a swollen red cervix. Testimony at trial revealed that the tear was consistent with a history of vaginal penetration.

Appellant initially proceeded to a jury trial on November 15, 2010. However, on November 17, 2010, the court found him incompetent after a courtroom outburst. Subsequently, Appellant was found competent and a new trial began on November 8, 2012. The court declared a mistrial that same day when the victim inadvertently testified that Appellant had been

- 3 -

released from jail before one of the assaults. A new trial started the next day, but the jury was unable to reach a verdict.

Trial again commenced on June 13, 2013 and the jury returned guilty verdicts on June 19, 2013. The court imposed sentence on November 15, 2013. Specifically, the court imposed the maximum sentences of twenty to forty years incarceration for both rape of a child and IDSI of a child. In addition, the court imposed maximum sentences of ten to twenty years imprisonment for aggravated indecent assault and unlawful contact with a minor. The court also sentenced Appellant to five to ten years incarceration for incest, and three and one-half to seven years imprisonment for EWOC and indecent assault. Finally, the court sentenced Appellant to two and one-half to five years incarceration for corruption of a minor. The court ordered each sentence to run consecutively. Each sentence imposed was the maximum allowable by statute.

Appellant filed a timely post-sentence motion, which was denied by operation of law. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored a Rule 1925(a) opinion. The matter is now ready for our consideration. Appellant's sole contention on appeal is, "Did the Honorable Court abuse its discretion at [the] time of sentencing when it sentenced this Defendant to the maximum term on all of the lead offenses, and then made them run

consecutively for an aggregate sentence of sixty to one hundred twenty years?" Appellant's brief at 3.

Appellant's claim implicates the discretionary aspects of his sentence. To preserve such a sentencing claim, the defendant must raise the issue either in a post-sentence motion, or during the sentencing proceedings. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). In addition, a defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*. Moreover, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Cartrette*, *supra* at 1042. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id.* In considering the merits of a discretionary sentencing matter, we review the sentencing court's decision for an abuse of discretion. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa.Super. 2013). In performing this review, we consider the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *Id*. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the

application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). Further, we examine:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant, in his post-sentence motion, asserted that the sentencing court failed to state reasons for imposing sentence and that the sentence imposed was unduly harsh. Thereafter, Appellant, in his Rule 1925(b) statement, raised a sentencing issue: "The Defendant should be remanded to the Sentencing Court for a new sentencing hearing, as the Court abused its discretion in sentencing the defendant while imposing an excessively harsh sentence that was inconsistent with sentencing norms." Appellant's Pa.R.A.P. 1925(b) concise statement.

Appellant has also provided a Pa.R.A.P. 2119(f) statement. Therein, Appellant avers that the sentence was in excess of the sentencing guidelines and was unreasonable. Appellant asserts that the sentence was manifestly excessive since the court imposed, in essence, a life sentence when he was

not found guilty of murder. In addition, Appellant posits that the court only considered the seriousness of his offenses and did not consider mitigating facts or his individual characteristics. Appellant also, for the first time, contends that the court erred in imposing the maximum sentences available because it was intended to punish him for practicing his Muslim beliefs. Lastly, Appellant raises for the first time a claim that the court erred in not providing a contemporaneous written statement of its reasons for imposing the sentence above the aggravated range.

The Commonwealth responds, with respect to issue preservation concerns, that Appellant only preserved his excessive sentencing challenge. It submits that Appellant's assertion that the court failed to consider his religion or other mitigating facts is waived. Additionally, the Commonwealth argues that Appellant's claim that the court did not adequately consider mitigating facts or provide reasons for its deviation from the standard sentencing guideline ranges is waived.

We find that Appellant has preserved his issue relative to the excessiveness of his sentence. However, we agree with the Commonwealth that Appellant's positions pertaining to the court sentencing him inappropriately based on his religion and failing to provide a contemporaneous written statement of its reasons for sentencing Appellant are waived.

To the extent Appellant averred that his sentence was excessive, we have consistently held that bald excessiveness claims do not present a substantial question for review. **Dodge**, **supra**. However, when accompanied by additional assertions relative to inadequate consideration of mitigating factors, such a claim may present a substantial question for review. **Id**. Assuming *arguendo* that Appellant adequately presents a substantial question for our review relative to the aspect of his issue that he preserved, he is entitled to no relief.

Here, the trial court had the aid of a presentence report. **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa.Super. 2006) (where court considered a pre-sentence report, it is presumed that the court adequately considered relevant mitigating factors). It was aware that Appellant's prior record score under the sentencing guidelines was a five. The offense gravity score for Appellant's rape of a child and IDSI of a child crimes resulted in the guideline standard range reaching the statutory maximum.

The court was also aware of the guideline ranges for Appellant's remaining offenses. The unlawful contact charge range went up to the statutory maximum. The standard guideline range for the aggravated indecent assault charge was seven years to eight and one-half years. Thus, Appellant's ten-year minimum sentence was outside the standard range for that offense. The incest charge carried a standard range of four to five

- 8 -

years; therefore, Appellant's five-year minimum sentence for that crime was a guideline sentence. The court's sentences for EWOC and indecent assault were outside the three-year aggravated range for those offenses. Similarly, Appellant's corruption of a minor sentence exceeded the aggravated range of twenty-one months for that crime.

While some of the court's sentences exceeded the guideline ranges and the court imposed its sentences consecutively, Appellant's ten-year history of abusing the victim was significant and included abuse in other states for which he was not subject to trial in this case. The court considered a victim impact statement and that the victim had to testify at multiple trials. The court also noted Appellant's inability to be rehabilitated and that he was a sexually violent offender with a high risk of recidivism. It considered an arrest for a prior rape allegation.

The court placed on the record its reasons for imposing sentences in excess of the standard range by incorporating and quoting from a mental health report discussing Appellant's egocentric and narcissistic behavior at the age of twenty-four, and highlighted that the diagnosis remained the same despite Appellant being forty-two years old. Moreover, the court

pointed out that Appellant had shown no remorse for his actions and did not accept responsibility. The trial court did not abuse its discretion.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

---

[1] We are aware that mandatory minimum sentences were applicable to Appellant relative to his more serious sex offenses under 42 Pa.C.S. § 9718. Although that statute has been struck down as unconstitutional as a whole, the court sentenced Appellant in excess of the applicable mandatory statute for those crimes except for his aggravated indecent assault of a child offense. However, despite counsel actually requesting the mandatory minimum sentences, the court did not invoke the mandatory for aggravated indecent assault. Therefore, the sentence was not an illegal imposition of a mandatory sentence.